# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NATHAN MAY,

        Plaintiff

        v.                        C-1-09-704

HAMILTON COUNTY, OHIO,
*et al.,*

        Defendants

## ORDER

This matter is before the Court upon the Report and Recommendation of the United States Magistrate Judge (doc. no. 65), defendants' objections (doc. no. 66), plaintiff's response to defendants' objections (doc. no. 67) and defendants' Reply Memorandum in Support of Defendants' Objections (doc. no. 69). The Magistrate Judge concluded that genuine issues of material fact exist regarding whether plaintiff's actions created a threat to defendant Scholz and other employees at HCJC and whether defendant Scholz's use of force was reasonable under the circumstances. The Magistrate Judge, therefore, recommended that defendant's Motion for Summary Judgment based on qualified

immunity(doc. no. 52) should be denied.  Defendant also seeks Summary Judgment on behalf of defendant Hamilton County, Ohio asserting that plaintiff has failed to identify a practice, policy, procedure or custom of the Hamilton County Sheriff's department which caused him to be subjected to excessive force.  The Magistrate Judge recommended that defendant Hamilton County's Motion for Summary Judgment (doc. no. 52) on this issue is premature and should be denied.

Defendants make the following specific objections to the Magistrate Judge's Report and Recommendation.

Defendants argue that the Magistrate Judge does not correctly apply the Fourteenth Amendment standard for determining whether use of force is excessive.

Defendants states that the Magistrate Judge fails to apply the requirement that the party opposing summary judgment present significant probative evidence disputing the version of facts put forth by the moving party.

Regarding evidence of injury in an excessive force claim, the Magistrate Judge failed to apply the standard set in *Wilkins v. Gaddy,* *infra,* and did not require the plaintiff to introduce evidence sufficient to establish causation.

Lastly, the Magistrate Judge failed to recognize that plaintiff forfeited the right to conduct discovery on issues other than Qualified Immunity when plaintiff failed to object to Magistrate Wehrman's order. (doc. 23).

Plaintiff makes the following responses to defendants' objections.

Defendants' first objection fails on multiple grounds. First, the Fourth Amendment is the correct standard to apply and, second, even if it were not, the Magistrate Judge also applied the "shocks the conscience" standard applicable to Fourteenth Amendment claims.

Next, plaintiff argues the record in this case is devoid of any evidence that Mr. May posed a physical threat to defendant Scholz or any other correctional or civilian employee in his vicinity; thus, this case turns upon whose version of the events is accurate. Defendant Scholz claims that he used reasonable force in an effort to restrain Mr. May who

was actively resisting. Mr. May claims that Defendant Scholz used unprovoked violence against him in retaliation for their verbal confrontation and then fabricated an explanation of Mr. May"s resistance to cover for the injuries inflicted upon Mr. May.

Plaintiff's response to defendants' third objection is that the R & R correctly notes that "it is undisputed that after the incident with defendant Scholz, plaintiff was taken to University Hospital where he was diagnosed with a broken collarbone." Mr. May averred that his injuries were caused by defendant Scholz's assault. Defendants ask this Court to apply a perverse reading to a medical record created a year after plaintiff was assaulted in the HCJC. A more reasonable reading of the record is that a year after his release from the HCJC, plaintiff was re-injured playing football.

Next, plaintiff argues that defendants' fourth objection is a rehash of their second - that the record does not sufficiently establish that Scholz "flung" plaintiff into a wall without sufficient provocation. This Court determines a genuine issue of material fact precludes summary judgment on this issue. *Harris v. City of Circleville*, 583 F.3d 356.

5

## CONCLUSION

Upon a *de novo* review of the record, especially in light of defendants' objections, the Court finds that defendants' objections have either been adequately addressed and properly disposed of by the Magistrate Judge or present no particularized arguments that warrant specific responses by this Court. The Court finds that the Magistrate Judge has accurately set forth the controlling principles of law and properly applied them to the particular facts of this case and agrees with the Magistrate Judge.

Accordingly, the Court hereby ADOPTS AND INCORPORATES BY REFERENCE HEREIN the Report and Recommendation of the United States Magistrate Judge (doc. no. 65). Defendants' Motion for Summary Judgment based on qualified immunity (doc. no. 52) is DENIED. Defendant Hamilton County, Ohio's Motion for Summary Judgment (doc. no. 52) is premature and is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Herman J. Weber
Herman J. Weber, Senior Judge
United States District Court